KIRK D. MILLER, P.S.
421 W. Riverside Avenue
Suite 660
Spokane, WA  99201
(509)413-1494 Telephone
(509)413-1724 Facsimile

# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHELLE SESSIONS, | Case No.: |
| Plaintiff, | COMPLAINT |
| vs. | JURY DEMANDED |
| I.Q. DATA INTERNATIONAL, INC., a Washington corporation, | |
| Defendant. | |

Plaintiff, by and through his attorney Kirk D. Miller of Kirk D. Miller, P.S., pleads the following allegations and claims against Defendant I.Q. Data International, Inc:

I.    JURISDICTION

1.1    Jurisdiction of this Court arises under 15 U.S.C. 1692k(d), 28 U.S.C. § 1337, and 28 U.S.C. § 1331.

1.2    Venue is proper in this District under 28 U.S.C. § 1391(b) because the Defendant conducts affairs and transacts business in this District, the

COMPLAINT - 1

unlawful acts giving rise to this claim occurred in this District, and the Plaintiff resides within the territorial jurisdiction of the court.

## II.    PARTIES

2.1    Plaintiff is a resident of Washington State.

2.2    Plaintiff resides in Spokane County, Washington, within the geographical boundaries of this Court.

2.3    Defendant I.Q. Data International, Inc. (hereinafter "I.Q. Data") is a Washington corporation engaged in the business of collecting debts in Washington State.

2.4    Defendant I.Q. Data regularly solicits claims for collection.

2.5    Defendant I.Q. Data regularly collects or attempts to collect claims owed or due or asserted to be owed or due to another person, firm, partnership, trust, joint venture, association, or corporation.

2.6    Defendant is licensed by Washington State as a collection agency.

2.7    Defendant I.Q. Data attempted to collect a "debt" from Plaintiff, as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(5).

2.8    Defendant regularly uses the telephone in their attempts to collect debts.

2.9    Defendant regularly uses instrumentalities of interstate commerce or the "mail" in their business.

COMPLAINT - 2

2.10 Defendant is a "debt collector" as defined by the FDCPA 15 U.S.C. § 1692(a)(6).

2.11 Defendant is a "collection agency" subject to the regulations set forth in RCW 19.16, et seq., and the requirements and prohibitions specifically set forth in RCW 19.16.250.

### III.  FACTS

3.1 In 2015, Plaintiff rented an apartment at the Whimsical Pig apartments in Spokane Valley, WA.

3.2 Plaintiff moved out of the Whimsical Pig apartment in or about October 2016.

3.3 Following move-out, management at the Whimsical Pig apartments claimed that Plaintiff owed approximately $1,000 in post move-out charges.

3.4 The charges related to the rental were sold or assigned to Defendant for collection.

3.5 Plaintiff updated her mailing address with management at the Whimsical Pig prior to the alleged debt being sold or assigned to Defendant.

3.6 Defendant has known Plaintiff's mailing address since the collection claim was assigned or sold to Defendant.

COMPLAINT - 3

3.7 In 2018, Defendant has had multiple telephone communications with the Plaintiff.

3.8 Defendant has never sent a written communication to Plaintiff.

3.9 Defendant has never provided the disclosures required by 15 U.S.C. § 1692g(a).

3.10 Plaintiff has on more than one occasion confirmed with Defendant that Defendant is aware of her mailing address.

3.11 Defendant communicated with Plaintiff in connection with the collection of a debt on dates including but not limited to: September 14, 2018, October 1, 2018, October 2, 2018, October 15, 2018, and November 5, 2018.

3.12 During multiple communications, Defendant stated or implied that it had filed a lawsuit against Plaintiff to collect the apartment debt.

3.13 As of the filing of this Complaint, no lawsuit has ever been filed by the Defendant against the Plaintiff.

3.14 Defendant never obtained a judgment against the Plaintiff.

3.15 During multiple communications, Defendant stated or implied that it had a present right to garnish the Plaintiff's wages.

COMPLAINT - 4

3.16 During multiple communications, Defendant stated or implied that it intended to garnish the Plaintiff's wages based on the fictitious judgment.

3.17 Defendant has never had any right to garnish the Plaintiff's wages.

3.18 Defendant's statements to the Plaintiff regarding judgment and garnishment caused the Plaintiff extreme fear and anxiety.

3.19 Plaintiff was so fearful about garnishment that she inquired with her employer on multiple occasions whether they had yet received any document requiring them to garnish her wages.

3.20 Defendant stated during the November 5, 2018 phone call that the amount of the debt had been increased by eight hundred fifty-nine dollars ($859.00) for "legal fees".

3.21 Defendant's claim that the debt had increased by eight hundred fifty-nine dollars ($859.00) due to legal fees was false.

3.22 Defendant had not incurred any legal fees as of November 5, 2018.

3.23 Defendant routinely threatens consumers with garnishment in its efforts to collect debts when Defendant has no present right to garnish.

3.24 Defendant routinely attempts to intimidate and coerce payment from consumers by falsely claiming that a lawsuit has been initiated or that a Defendant obtained a judgment.

COMPLAINT - 5

IV. CAUSE OF ACTION
Fair Debt Collection Practices Act Violation
(Unfair and Deceptive Acts)

4.1 Congress enacted the Fair Debt Collection Practices Act (FDCPA) in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors [which] contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a); *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1024 (9th Cir. 2012).

4.2 Defendant violated 15 U.S.C. § 1692g by failing to send to Plaintiff at her known mailing address the disclosures mandated by 15 U.S.C. § 1692g(a).

4.3 Defendant I.Q. Data violated the FDCPA, including 15 U.S.C. §§ 1692e by using false, deceptive, and misleading statements in connection with the collection of debts.

4.4 Defendant violated the FDCPA, including 15 U.S.C. § 1692f by attempting to collect an amount not due – specifically legal fees not incurred.

4.5 Defendant violated the FDCPA, including 15 U.S.C. § 1692d by making false statements and threats "the natural consequence of which

COMPLAINT - 6

is to harass, oppress, or abuse any person in connection with the collection of a debt."

## V. RELIEF REQUESTED

WHEREFORE, Plaintiff prays for judgment to be entered against the Defendants as follows:

5.1 For declaratory relief holding that Defendants violated the Fair Debt Collection Practices Act;

5.2 For statutory damages in the amount of one thousand dollars ($1,000), pursuant to 15 U.S.C. §1692 et seq.;

5.3 For actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692 et seq.;

5.4 For declaratory relief holding that Defendant violated RCW 19.16.250(15) & (16);

5.5 For the injunctive relief provided by RCW 19.16.450, prohibiting Defendant or any other person or entity from ever attempting to "recover any interest, service charge, attorneys' fees, collection costs, delinquency charge, or any other fees or charges otherwise legally chargeable to the debtor";

5.6 For costs and reasonable attorney's fees in an amount to be proven at trial pursuant to 15 U.S.C. §1692, et seq.;

COMPLAINT - 7

5.7   For such other relief as the Court deems just and equitable.

DATED this 13th day of November, 2018.

*Kirk D. Miller P.S.*

/s Kirk D. Miller
Kirk D. Miller, WSBA #40025
Attorney for Plaintiff

COMPLAINT - 8